# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

State of New Hampshire

     v.                                              Case No. 17-cr-183-JL

Richard Maximus Strahan

## REPORT AND RECOMMENDATION

Before the court are documents (Doc. No. 1) filed by Richard Maximus Strahan, removing a pending misdemeanor prosecution from the New Hampshire Circuit Court to this court. The matter is here for review under 28 U.S.C. § 1455 and LR 4.3(d)(3).

## Standard

State criminal defendants may remove state criminal prosecutions to federal court in rare circumstances. See 28 U.S.C. §§ 1442 (criminal prosecutions against federal agencies and officers), 1442(a) (criminal prosecution against members of the armed services), 1443 (denial of racial equality in state criminal prosecutions). A federal statute, 28 U.S.C. § 1455(b), sets out the procedures which apply when state prosecutions are removed.

Section 1455(b)(4) authorizes the court to remand summarily those state criminal prosecutions that do not appear on the face of the removal documents to be properly removed to this court:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Id. § 1455(b)(4). See also LR 4.3(d)(3) (initial filings of pro se removal defendants, not proceeding in forma pauperis, are forwarded to magistrate judge for preliminary review to determine if court has subject matter jurisdiction). Given Strahan's pro se status, this court construes his notice of removal liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## **Background**

Strahan was arraigned in May 2017 in a state criminal case, State v. Strahan, No. 432-2017-CR-1148 (N.H. Cir. Ct., 7th Cir., Dist. Div.-Dover ("Dover District Court")), on charges arising from an incident in Lee, New Hampshire: specifically, a charged misdemeanor offense of leaving the scene of an accident involving damage to another car, and a violation of the state law prohibiting the use of a hand-held cellphone while driving. In his notice of removal, Strahan alleges discriminatory police

2

enforcement and discriminatory prosecution as to the laws he is charged with violating.

Specifically, Strahan asserts that he is being prosecuted out of a "hateful discriminatory animus . . . for his bringing lawsuits against the police, for being indigent, and owing to his race." Doc. No. 1, at 2. His "race," which he calls, "White Negro," includes "indigent peoples not born nor raised in . . . New Hampshire." Id. Strahan asserts that the presiding judge in the state prosecution has ruled that the court will not hear Strahan's civil rights claims against the police and prosecutor in the context of the state criminal trial.

## Discussion

I. Untimely Filing

"A notice of removal of a criminal prosecution must be filed within thirty days of arraignment or before trial, whichever is earlier, except that the federal court may extend that deadline for good cause." 28 U.S.C. § 1455(b)(1). Strahan's filing of removal documents occurred in December 2017, approximately six months after the expiration of the 30-day time limit set by § 1455(b)(1). Strahan has asserted that the belated removal should be permitted because he is representing himself in both state and federal court and lacks familiarity with removal procedures.

It is doubtful that Strahan's pro se status provides good cause for missing the thirty-day removal deadline. See Iowa v. Johnson, 976 F. Supp. 812, 815 (N.D. Iowa 1997) ("pro se defendants are not so easily excused from other timeliness requirements"). This court need not decide whether Strahan's untimely notice of removal alone provides grounds for a remand, as the court lacks jurisdiction over the removed proceeding.

II. Removal Jurisdiction

    A. Section 1443(1)

A removal petitioner must set forth the grounds for the federal court's removal jurisdiction; additional grounds not pleaded may be waived unless good cause for the failure to plead is shown. See 28 U.S.C. § 1455(b)(2). Strahan relies on 28 U.S.C. § 1443 as providing authority for the removal of his criminal case to this court. That statute provides, in pertinent part, that criminal prosecutions implicating federal racial equality rights may be removed pretrial if instituted:

> Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443(1). To remove a case under § 1443(1), the criminal defendant must demonstrate: (1) "that the right allegedly denied . . . arises under a federal law providing for

specific civil rights stated in terms of racial equality" and (2) that the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 803 (1966)). Neither part of that test is satisfied here, as explained below.

1. Rights Arising under Federal Racial Equality Laws

With respect to the first part of the test for § 1443(1) removability, "[t]he phrase 'any law providing for . . . equal civil rights' . . . does not include rights of 'general application available to all persons or citizens.'" Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting Rachel, 384 U.S. at 792).

> [Section] 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights . . . . When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

Rachel, 384 U.S. at 792 (1966).

Strahan's references to violations of his rights arising under the First Amendment, the Equal Protection Clause, the Due

5

Process Clause, and the "Civil Rights Act" (i.e., 42 U.S.C. § 1983), do not support his claim for removal of the criminal case under § 1443(1). See Conley, 245 F.3d at 1295-96 ("broad assertions" of equal protection violations, and violations actionable under 42 U.S.C. § 1983, "are insufficient to support a valid claim for removal under § 1443(1)"); see also Rachel, 384 U.S. at 792 (alleged violation of due process does not support valid claim for removal under § 1443(1)); Florida v. Weber, 665 F. App'x 848, 850 (11th Cir. 2016). Cf. 28 U.S.C. § 1455(b)(2) (grounds for removal not pleaded are generally waived). Strahan's claims of race discrimination, which he asserts he cannot enforce in the state criminal trial, are based on allegations of differential treatment due to his poverty and place of upbringing. People, grouped together by their lack of wealth and out-of-state background, do not comprise a racial group, as that term is understood in federal law. See Harris v. McRae, 448 U.S. 297, 323 (1980) ("poverty, standing alone" is not a suspect class); Ekweani v. Maricopa Cty. Sheriff's Office, No. CV-08-1551-PHX-FJM, 2009 WL 976520, at *3, 2009 U.S. Dist. LEXIS 30641, at *6 (D. Ariz. Apr. 9, 2009) (out-of-state residents "are not a protected class" under 42 U.S.C. § 1985). Accordingly, Strahan fails to show that his case satisfies the first part of the test for removability under section 1443(1).

### 2. Rights Denied or Unenforceable in State Courts

The second part of the test for removability under § 1443(1) provides a separate ground for remanding the criminal case.

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966). Rachel is a case where the "very act of bringing the defendant to trial" violated the defendant's rights, Peacock, 384 U.S. at 828. The federal racial equality statute at issue in Rachel immunized the defendants from attempts to punish them for disobeying an order to leave public accommodations based on their race, making the trespass prosecution itself a violation of the federal right. See Rachel, 384 U.S. at 805. Here, no comparable federal law immunizes Strahan from prosecutions for leaving the scene of an accident or using a cell phone while driving.

Relying on a ruling of the presiding Dover District Court judge, Doc. No. 1, at 2, which Strahan asserts indicates that the trial court will not hear Strahan's civil rights claims in

7

his criminal case, Strahan seeks to show that he cannot enforce his federal rights in state court. As that lower state court ruling regarding the scope of matters at issue in the criminal case would not appear to be binding on appeal in the New Hampshire Supreme Court, this court cannot predict with the requisite degree of certainty that Strahan's federal racial equality rights are unenforceable in the state courts. For these reasons, this court lacks removal jurisdiction over the prosecution under 28 U.S.C. § 1443(1).

B. Remaining Sources of Removal Jurisdiction

Strahan's state prosecution does not otherwise fit within this court's removal jurisdiction for criminal cases. Strahan is neither a federal officer, nor a member of the armed forces, nor a state officer or agent who has refused to enforce a law that violates federal racial equality laws. Cf. 28 U.S.C. §§ 1442, 1442(a), 1443(2); Peacock, 384 U.S. at 824 & n.22 (discussing limited scope of 28 U.S.C. § 1443(2)). Accordingly, the district judge should remand this case.

## Conclusion

For the foregoing reasons, the district judge should remand this criminal prosecution to the Dover District Court. Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 19, 2017

cc: Richard Maximus Strahan, pro se
    Corey M. Belobrow, Esq.
    J. Joseph McKittrick, Esq.
    Eric Alexander Maher, Esq.

9